UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NIA CLEVELAND,
*on behalf of herself and all others similarly situated*,

    Plaintiff,

v.

NEXTMARVEL, INC.,
*d/b/a Vooglam*,

    Defendant.

Civil Action No. TDC-23-1918

**MEMORANDUM OPINION**

Plaintiff Nia Cleveland has filed a putative class action against Defendant Next Marvel, Inc. d/b/a Vooglam ("Vooglam"), in which she alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2018). After Vooglam failed to appear or defend against the allegations, Cleveland filed a Motion for Clerk's Entry of Default, which was granted on October 18, 2023. Cleveland has now filed a Motion for Default Judgment as to Plaintiff's Individual Claim and for Leave to Conduct Class Certification and Damages Discovery. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

**BACKGROUND**

On July 18, 2023, Cleveland filed a class action Complaint against Vooglam alleging that it violated the TCPA, specifically 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), which bar companies from engaging in unsolicited telemarketing to residential telephone numbers listed on the National Do-Not-Call Registry, and 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(3),

which require companies to honor, within a reasonable amount of time, do-not-call requests from residential telephone subscribers. Cleveland seeks injunctive relief barring additional violations of the TCPA, statutory damages of $500 per violation, treble damages of up to $1,500 per willful violation, and attorney's fees and costs. Cleveland has proposed a class of:

> All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

Compl. ¶ 4, ECF No. 1. Although Vooglam was served, it has failed to have counsel enter an appearance on its behalf, to file an Answer, or to otherwise defend against this action, including after the Clerk's entry of default.

## DISCUSSION

In her Motion, Cleveland seeks default judgment on the issue of liability on her individual claim and requests that the Court defer entering judgment with respect to the putative class because the class has not yet been certified. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 336, 341 (4th Cir. 2006) (holding that a default judgment may not bind putative class members absent class certification). Cleveland also seeks leave to conduct discovery on the issues of class certification and damages.

### I.      Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to

the defaulting party, enter a default judgment. Fed. R. Civ. P. 55(b)(2). A defendant's default does not, however, automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but default judgment may be appropriate "when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005); *see H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) ("[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.").

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). However, it remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2688.1 (4th ed. 2023) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."). If liability is established, the court must then determine the appropriate amount of damages. *See Ryan*, 253 F.3d at 780-81.

In Count 1 of the Complaint, Cleveland alleges that Vooglam violated the TCPA, specifically, 47 U.S.C. § 227, 47 C.F.R. § 64.1200(c)(2), and 47 C.F.R. § 64.1200(d)(3). In Count 2, Cleveland alleges willful violations of these same provisions. Under the TCPA, the Federal Communications Commission ("FCC") is directed to engage in rulemaking about "the need to protect residential telephone subscribers' private rights to avoid receiving telephone solicitations to which they object" and to "prescribe regulations to implement methods and procedures for protecting [those] privacy rights . . . ." 47 U.S.C. § 227(c)(1), (2). "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" prescribed by the FCC has a private right of action for damages and injunctive relief. 47 U.S.C. § 227(c)(5).

The first of the regulations identified in the Complaint prohibits "any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). With several exceptions not relevant here, a telephone solicitation under the TCPA is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4).

The second regulation referenced in the Complaint prohibits, in relevant part, "any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls." 47 C.F.R. § 64.1200(d). The regulation further provides that:

> If a person or entity making . . . any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the

do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request.

47 C.F.R. § 64.1200(d)(3).

Here, Cleveland's unchallenged factual allegations, taken as true by the Court, are sufficient to establish liability under both regulations. To establish a TCPA violation based on 47 C.F.R. § 64.1200(c)(2), a plaintiff must show: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) to a residential telephone subscriber whose telephone number had been placed on the National Do-Not-Call Registry. 47 U.S.C. § 277(c)(5); 47 C.F.R. § 64.1200(c)(2). In the Complaint, Cleveland asserts that she registered her cell phone number with the Do-Not-Call Registry and lists at least 15 dates during a one-year period on which she received a text message from Vooglam that marketed its products for purchase. The prohibitions in 47 C.F.R. § 64.1200(c)(2) and (d)(3) on calls to residential telephone subscribers apply to calls to wireless telephone numbers. *See* 47 C.F.R. § 64.1200(e). Moreover, text messages constitute calls under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (in discussing a related provision of the TCPA, stating that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call'"); *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (finding that receiving unsolicited text messages sent to a phone number on the Do-Not-Call Registry in violation of the TCPA results in an injury in fact); *see also* In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8016-17 (2015). Cleveland has thus sufficiently alleged facts that establish liability under 47 C.F.R. § 64.1200(c)(2).

To prove a TCPA violation based on 47 C.F.R. § 64.1200(d)(3), a plaintiff must establish: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) that fails to honor the recipient's prior do-not-call request; (5) within a reasonable time after the date such request was made. 47 U.S.C. § 277(c)(5); 47 C.F.R. § 641.1200(d)(3). In the Complaint, Cleveland alleges that after she had made a first request on July 28, 2022 to Vooglam to stop receiving text messages, she received 14 additional telemarketing messages from the company, 13 of which were sent more than 30 days after her do-not-call request. These allegations are sufficient to establish a violation of 47 C.F.R. § 641.1200(d)(3). Accordingly, the Court will grant default judgment in favor of Cleveland on the issue of liability on Count 1.

As for Count 2, which asserts willful violations of the same regulations referenced in Count 1, the only additional element to be established is that Vooglam acted willfully or knowingly, which would allow Cleveland to recover treble damages for each violation at the Court's discretion. *See* 47 U.S.C. § 227(c)(5)(C). For purposes of civil liability, a defendant acts willfully when it "demonstrate[s] indifference to ongoing violations and a conscious disregard for compliance with the law." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 662 (4th Cir. 2019).

Here, Cleveland has not only generally alleged that Vooglam acted willfully and knowingly, but she has made specific factual allegations that support a finding that Vooglam acted with conscious disregard of the TCPA's requirement that entities not contact numbers on the Do-Not-Call Registry or persons who have directly requested no further contact. The Complaint asserts that Vooglam was "fully aware" that the numbers to which it sent telephone solicitations were registered on the National Do-Not-Call Registry and that it deliberately programmed its telemarketing phone systems to continue sending messages to persons who had sent "Stop"

requests. Compl. ¶ 50. The Complaint also lists six dates on which Cleveland made requests to Vooglam to cease contacting her, to which Vooglam responded by confirming that she had been "unsubscribed," and 14 dates after her initial do-not-call request on which Vooglam nevertheless sent another telemarking message. Compl. ¶ 19. Moreover, the fact that Vooglam was required to record, in response to a do-not-call request, "the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made," 47 C.F.R. § 64.1200(d)(3), and thus either had a clear record of Cleveland's request or repeatedly failed to comply with this requirement of the TCPA, provides further support for a conclusion that it acted with conscious disregard for compliance with the law. These allegations are sufficient to support a finding of knowing or willful violations of the TCPA. Accordingly, the Court will grant a default judgment to Cleveland on the issue of liability on Count 2.

## II.   Discovery

Cleveland also seeks leave to engage in discovery as needed to establish the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) and to ascertain the appropriate amount of damages. Generally, discovery does not occur until the parties in a case have met and conferred as required by Rule 26(f). Fed. R. Civ. P. 26(f)(1). However, a party may seek discovery prior to this stage when authorized to do so by court order. Fed. R. Civ. P. 26(d)(1). Federal district courts are afforded "broad discretion" in their supervisory authority over discovery. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Similarly, for purposes of entering or effectuating a default judgment, district courts are afforded the discretionary authority to conduct hearings or make referrals in order to "determine the amount of damages," when necessary, or to "investigate any other matter." Fed. R. Civ. P. 55(b)(2).

7

In circumstances such as those present here, where a plaintiff has filed a motion for a default judgment, but discovery is necessary to resolve issues such as class certification and damages, courts routinely permit the plaintiff to conduct limited discovery. *See, e.g., Ulery v. GQ Sols., LLC*, No. 22-CV-01581-PAB, 2022 WL 17484665, at *1-2 (D. Colo. Dec. 7, 2022) (holding in a TCPA case that discovery on class certification and damages could proceed against a defendant against whom a default had been entered); *Leo v. Classmoney.net*, No. 18-CV-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) (same); *Cranor v. Skyline Metrics, LLC*, No. 4:18-CV-00621-DGK, 2018 WL 11437828, at *1-2 (W.D. Mo. Dec. 14, 2018) (same); *see also Eder v. Aspen Home Improvements Inc.*, No. 8:20-CV-1306-JSS, 2020 WL 6870851, at *2 (M.D. Fla. Oct. 2, 2020) (same as to class certification). In allowing for discovery, courts have stated that it would be unjust to permit a defendant's failure to participate in the case to prevent a plaintiff from establishing the elements of class certification. *See, e.g., Leo*, 2019 WL 238548, at *2; *Eder*, 2020 WL 6870851, at *1. The Court agrees with the reasoning of these other courts and will grant the request for leave to conduct limited discovery on class certification and damages.

## CONCLUSION

For the foregoing reasons, Cleveland's Motion for Default Judgment as to Plaintiff's Individual Claim and for Leave to Conduct Class Certification and Damages Discovery will be GRANTED. A separate Order shall issue.

Date: January 18, 2024

THEODORE D. CHUANG
United States District Judge